**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

BLANCA HUERTA,
*on behalf of herself, FLSA Collective Plaintiffs, and the class,*

               Plaintiff,

   v.

101 NORTHERN LAUNDROMAT INC.,
   d/b/a SUSAN LAUNDROMAT,
SUSAN LAUNDROMAT, INC.,
   d/b/a SUSAN LAUNDROMAT,
NORTHERN 96 LAUNDROMAT, INC.,
   d/b/a SUSAN LAUNDROMAT,
NASSAU LAUNDROMAT, INC.,
   d/b/a SUSAN LAUNDROMAT,
NEW PACIFIC MANAGEMENT, INC.,
   d/b/a SUSAN LAUNDROMAT,
DAVID YU, and
SUSAN XIN GUAN,

               Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff, BLANCA HUERTA (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this class and collective action Complaint against Defendants 101 NORTHERN LAUNDROMAT INC., d/b/a SUSAN LAUNDROMAT, SUSAN LAUNDROMAT, INC., d/b/a SUSAN LAUNDROMAT, NORTHERN 96 LAUNDROMAT, INC., d/b/a SUSAN LAUNDROMAT, NASSAU LAUNDROMAT, INC., d/b/a SUSAN LAUNDROMAT, NEW PACIFIC MANAGEMENT,

1

INC., d/b/a SUSAN LAUNDROMAT, ( the "Corporate Defendants"), DAVID YU, and SUSAN XIN GUAN ("Individual Defendants") (each individually, "Defendant" or, collectively, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that Plaintiff, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

3. Plaintiff further alleges that, pursuant to New York State Human Rights Law, New York Executive Law § 296 ("NYHRL") and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL"), she and similarly situated individuals are entitled to recover from Defendants for discrimination on the basis of age: (1) back pay, (2) front pay, (3) compensatory damages, (4) punitive damages, and (5) attorneys' fees and costs.

4. Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

5. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26

U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

8. Plaintiff, BLANCA HUERTA, is a resident of Queens County, New York.

9. Defendants collectively own and operate four (4) laundromats under the common trade name "Susan Laundromat" at the following locations:

    a) 101-18 Northern Blvd, Corona, NY 11368 ("101-18 Northern");

    b) 178 Driggs Ave, Brooklyn, NY 11222 ("178 Driggs");

    c) 244 Nassau Ave, Brooklyn, NY 11222 ("244 Nassau"); and

    d) 842 Ralph Ave, Brooklyn, NY 11236 ("842 Ralph"), and collectively, the "Laundromats").

10. The Laundromats operate as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Laundromats are engaged in related activities, share common ownership, and have a common business purpose.

    (a) All the Laundromats are under the control of Corporate and Individual Defendants. Specifically, Individual Defendant DAVID YU operates the totality of the Laundromats as he personally asserts on newspaper interviews. *See* **Exhibit A**.

    (b) All the Laundromats operate under the common tradename "Susan Laundromat" honoring individual Defendant SUSAN GUAN.  *See* **Exhibit A**.

    (c) All the Laundromats have a similar front-door, appearance, and as logo the same wash-machine clipart. *See* **Exhibit B**.

    (d) Additionally, together with Individual Defendants, Corporate Defendant SUSAN LAUNDROMAT, INC., manages and administers all Laundromats' human resources, payroll, payments, and wages policies.

11. Corporate Defendants:

    (a) Corporate Defendant, 101 NORTHERN LAUNDROMAT INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 101-18 Northern Boulevard, Corona, NY, 11368

    (b) Corporate Defendant, SUSAN LAUNDROMAT, INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 178 Driggs Ave., Brooklyn, NY 11222.

    (c) Corporate Defendant, NORTHERN 96 LAUNDROMAT, INC. . d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 244 Nassau Ave, Brooklyn, NY 11222 and an address for service of process located at 1995 Broadway 16th Floor, New York, NY, United States, 10023

    (d) Corporate Defendant, NASSAU LAUNDROMAT, INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws

(b) All the Laundromats operate under the common tradename "Susan Laundromat" honoring individual Defendant SUSAN GUAN.  *See* **Exhibit A**.

(c) All the Laundromats have a similar front-door, appearance, and as logo the same wash-machine clipart. *See* **Exhibit B**.

(d) Additionally, together with Individual Defendants, Corporate Defendant SUSAN LAUNDROMAT, INC., manages and administers all Laundromats' human resources, payroll, payments, and wages policies.

11. Corporate Defendants:

    (a) Corporate Defendant, 101 NORTHERN LAUNDROMAT INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 101-18 Northern Boulevard, Corona, NY, 11368

    (b) Corporate Defendant, SUSAN LAUNDROMAT, INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 178 Driggs Ave., Brooklyn, NY 11222.

    (c) Corporate Defendant, NORTHERN 96 LAUNDROMAT, INC. . d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 244 Nassau Ave, Brooklyn, NY 11222 and an address for service of process located at 1995 Broadway 16th Floor, New York, NY, United States, 10023

    (d) Corporate Defendant, NASSAU LAUNDROMAT, INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws

  of New York, with a principal place of business and an address for service of process located at 244 Nassau Avenue, Brooklyn, NY 11222.

(e) Corporate Defendant, NEW PACIFIC MANAGEMENT INC. d/b/a SUSAN LAUNDROMAT, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 842 Ralph Ave, Brooklyn, NY 11236 and an address for service of process located at 166-41 22nd Ave., Whitestone, NY 11357.

12. Individual Defendant DAVID YU is a principal and executive officer of the Corporate Defendants. DAVID YU exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. DAVID YU exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, DAVID YU would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. DAVID YU exercised functional control over the business and financial operations of all Corporate Defendants. DAVID YU had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

13. Individual Defendant SUSAN XIN GUAN is a principal of the Corporate Defendants. SUSAN XIN GUAN exercises operational control as it related to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. SUSAN XIN GUAN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control

employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, SUSAN XIN GUAN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SUSAN XIN GUAN exercised functional control over the business and financial operations of all Corporate Defendants. SUSAN XIN GUAN had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

14. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including laborers, cashiers, cleaners, washers, and helpers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, and (ii) their proper wages due to a policy of time-shaving. The

6

claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including laborers, cashiers, cleaners, washers, and helpers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay wages, including overtime, for all hours worked due to time-shaving (ii) failing to provide proper wage statements per requirements of the NYLL, and (iii) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of the NYLL.

23. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small, in the sense pertinent to a class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

e. Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

f. Whether Defendants paid Plaintiff and Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek under the NYLL

g. Whether Defendants operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs, and Class members for all hours worked due to a policy of time-shaving;

h. Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the NYLL and applicable state laws;

i. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of the NYLL and applicable state laws;

j. Whether Defendants failed to properly withhold taxes from the wages of Plaintiffs and the Class; and

k. Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked.

## STATEMENT OF FACTS

28. In or around June 2010, Plaintiff BLANCA HUERTA was employed by Defendants to work as a laborer for Defendants' 101-18 Northern location. Plaintiff was employed by Defendants until in or around July 2021.

29. Throughout her employment, Plaintiff was regularly scheduled to work three (3) days per week, from 6:00 a.m. to 3:00 p.m., one (1) day per week, from 6:00 a.m. to 12:00 p.m., and one (1) day per week, from 6:00 a.m. to 1:00 p.m., for a total of forty (40) hours each week. FLSA Collective Plaintiffs and Class members worked similar hours.

30. During her employment with Defendants, Plaintiff HUERTA performed substantial off-the-clock work prior and after her scheduled hours. Specifically, Plaintiff was required to begin working fifteen (15) minutes before her scheduled shifts and was ordered by Defendants to continue working for around thirty (30) to forty (40) minutes after her shift ended. Therefore, Plaintiff HUERTA engaged in off-the-clock work for about two (2) to three (3) hours per workweek. For instance, Plaintiff HUERTA was working for around forty-two (42) to forty-three (43) hours per week. However, Plaintiff HUERTA was not compensated for her off-the-clock work, resulting in unpaid wages, including overtime, for such time-shaving violations. FLSA Collective Plaintiffs and Class members similarly engaged in off-the-clock work without compensation.

31. Although Plaintiff HUERTA regularly worked in excess of forty (40) hours per workweek during her employment by Defendants, Defendants never paid her corresponding

overtime premium, as required under the FLSA and NYLL, due to Defendants' time-shaving practices.

32. Throughout her employment with Defendants, Plaintiff was compensated at the prevailing New York City minimum wage rate. Defendants paid Plaintiff partly in check, and partly in cash. Plaintiff HUERTA was not given any form of wage statement when she received her pay. FLSA collective Plaintiffs and Class members also were similarly paid part in cash and part in check.

33. Defendants failed to properly withhold Plaintiff's and Class members' wages for tax purposes.

34. Defendants further failed to provide Plaintiff and Class members with an accurate W-2 tax statement for each tax year during which Plaintiff worked.

35. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage statements as required by the NYLL. Plaintiff and Class members received fraudulent wage statements that reflected only part of their hours, and not actual hours worked.

36. At no time during the relevant periods did Defendants provide Plaintiff or Class members with proper wage notices, at the beginning of employment and annually thereafter as required by the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked, and the proper overtime rate thereof for all hours worked to Plaintiff, FLSA Collective Plaintiffs and Class members in violation of the FLSA and NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not paying the proper overtime premium for all hours worked to Plaintiff and Class members, in violation of the FLSA and the NYLL.

39. Plaintiff HUERTA is a forty-five (45) year-old woman. She worked for Defendants for around ten (10) years. For the last two (2) years of her employment, Individual Defendants DAVID YU and SUSAN GUAN began making loud remarks, in front of Defendants' employees and customers, regarding Plaintiff HUERTA's age. Defendant DAVID YU would repetitively say to Plaintiff "I am tired of old people! I need young people" or "this place does not need a grandma like you, I need a woman under 28". Moreover, when Defendant DAVID YU began criticizing Plaintiff because of her age, Defendants made similar comments against another Class member, who as Plaintiff, is a woman around the same age. After several negative comments regarding Plaintiff and similarly situated employees, Defendants fired all their employees that were over forty (40) years old.

40. These discriminatory practices were regular and continuous, affecting Plaintiff HUERTA not only emotionally, but also economically. Plaintiff and Class members suffered physical discomfort and emotional humiliation while working for defendants.

41. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

42. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

43. At all relevant times, Defendants were and continue to be employers engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

45. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

46. At all relevant times, Defendants had a policy and practice of time-shaving that failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

47. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

48. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for all hours worked due to a policy of time-shaving.

49. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime, plus an equal amount as liquidated damages.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

56. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

57. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them wages in the lawful amount for all hours worked due to a policy of time-shaving.

58. Defendants willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

59. Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

60. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

61. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the NYLL.

62. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to time-shaving, unpaid overtime, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III
## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

63. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

64. By failing to provide Plaintiff and the Class with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as compensation for all of the work Plaintiff and the Class performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

65. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## COUNT IV

### DISCRIMINATION AND RETALIATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

**(N.Y. Exec. Law § 292 *et seq*.)**

66. Plaintiff BLANCA HUERTA realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

67. The New York State Executive Law § 296(1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68. Plaintiff is an employee and a qualified person within the meaning of the NYSHRL and Defendants are a covered employer under the NYSHRL.

69. Defendants operated a business that discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment on the basis of her age.

70. Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296.

71. As a result of Defendants' unlawful discriminatory practices, Plaintiff sustained injury, including economic damages and past and future physical and emotional distress.

72. Due to Defendants' violations under the New York State Human Rights Law, Plaintiff is entitled to recover compensatory damages and attorneys' fees and costs from Defendants.

### COUNT V

### DISCRIMINATION AND RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

17

**(N.Y.C. Admin. Code § 8-101 *et seq*)**

73. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

74. The New York City Administrative Code §8-107(1) provides that:

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

75. Defendants have and have had at all relevant times herein, at least four (4) persons in their employ. Plaintiff is an employee and a qualified person within the meaning of the NYCHRL and Defendants are a covered employer under the NYCHRL.

76. Defendants operated a business in New York City that discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to a hostile work environment based on her age.

77. As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including economic damages, the past and future physical and emotional distress and the costs of bringing this action.

78. Due to Defendants' violations under the NYCHRL, as amended, based on discrimination on the basis of age, Plaintiff is entitled to recover from Defendant: (1) compensatory damages, (2) punitive damages, and (3) attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the NYLL;

d. An award of compensatory damages due under the NYSHRL;

e. An award of compensatory and punitive damages due under the NYCHRL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the NYLL;

h. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class;

l. Statutory damages of $10,000.00 for each Plaintiff and each Class member for fraudulent filings made on their behalf by the Defendants;

m. An award of all applicable damages under the NYSHRL and the NYCHRL;

n. Costs attributable to resolving deficiencies;

o. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

p. That Defendants be ordered to take all the necessary steps to correct the information returns identified above; and

q. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 3, 2021  Respectfully submitted,
New York, New York

By: */s/ C.K. Lee*
C.K. Lee, Esq.
**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*