```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
BLANCA HUERTA,                                                    :   21-CV-6127 (ARR) (CLP)
                                                                  :
                Plaintiff,                                        :   NOT FOR ELECTRONIC
                                                                  :   OR PRINT PUBLICATION
     -against-                                                    :
                                                                  :
101 NORTHERN LAUNDROMAT INC d/b/a SUSAN                           :   OPINION & ORDER
LAUNDROMAT, SUSAN LAUNDROMAT, INC.,                               :
DAVID YU, and SUSAN XIN GUAN,                                     :
                                                                  :
                Defendants.                                       :
                                                                  X
-----------------------------------------------------------------
```

ROSS, United States District Judge:

Plaintiff Blanca Huerta moves to dismiss defendants 101 Northern Laundromat Inc., Susan Laundromat, Inc., David Yu, and Susan Xin Guan's (together "defendants") counterclaims for failure to state a claim upon which relief may be granted. For the reasons set forth below, plaintiff's motion to dismiss is granted. I also order plaintiff to show cause why her claims relating to New York Labor Law § 195(3) should not be dismissed for lack of standing.

## BACKGROUND

Plaintiff claims defendants committed violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") during her employment at Susan Laundromat, located at 101-18 Northern Boulevard, Corona, Queens (the "Laundromat"). Am. Compl. ¶¶ 1–2, ECF No. 37. Plaintiff worked at the Laundromat for approximately ten years, until July 2021. *Id.* ¶ 27. Defendants counterclaim that they "paid [p]laintiff all her wages in compliance with FLSA and NYLL" and terminated plaintiff "due to multiple instances of workplace misconduct," because "[p]laintiff frequently got into arguments with coworkers and customers." Defs.' Answer & Countercl. ¶¶ 15–19, ECF No. 43. Defendants' counterclaim contends that this "frivolous and

baseless lawsuit is a mere retaliation against [d]efendants for being dismissed from her workplace" and that the suit "ha[s] caused severe financial and emotional stresses for [d]efendants." *Id.* ¶¶ 21–22. However, defendants do not identify a cause of action for their counterclaims.

## LEGAL STANDARD

"In considering a motion to dismiss a counterclaim, [I] appl[y] the same standards as a motion to dismiss a complaint." *Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 175 (S.D.N.Y. 2021). To survive dismissal, a counterclaim must provide more than "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" without "further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## DISCUSSION

1. *The Defendants' Counterclaims Fail to State a Claim*

Defendants' counterclaim "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although plaintiff notes that "[d]efendants have failed to specify the underlying cause of action in their counterclaim," this is not fatal. *See* Pl.'s Mem. in Supp. Mot. to Dismiss Countercl. ("Pl.'s Mem.") 4, ECF No. 53-1. "Under the liberal pleading principles established by Rule 8 . . . the failure in a [counter] complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (internal quotations omitted).

Under the standard set forth in *Twombly*, however, the defendants' counterclaims fail to state a claim upon which relief may be granted. The counterclaims assert that defendants properly terminated plaintiff and that they paid plaintiff all of her wages. Defs.' Answer & Countercl. ¶¶ 15–19. Plaintiff correctly points out that these putative "counterclaims" are "properly understood as an affirmative defense . . . not the necessary grounds upon which their purported counterclaim

rests." Pl.'s Mem. 6. Defendants respond to this point merely by arguing that "[d]efendants provided detailed facts in the counterclaim against [p]laintiff regarding [p]laintiff's misconducts at the work that led to [p]laintiff's dismissal by [d]efendants[,] . . . and [p]laintiff's retaliation against [d]efendants." Defs.' Mem. in Opp'n Mot. to Dismiss Countercl. ("Defs.' Opp'n") ¶ 9, ECF No. 53-2. Defendants have not demonstrated how these pleaded facts connect to a cognizable cause of action. Although the propriety of plaintiff's dismissal and the fact that she was paid in full have relevance to her FLSA and NYLL claims (although plaintiff has not pleaded that she was unfairly discharged), the fact that defendants dispute Huerta's factual contentions does not mean that their allegations have pleaded a counterclaim.

Moving to the allegations of "retaliation" and the "severe financial and emotional distress" suffered by defendants, Defs.' Answer & Countercl. ¶¶ 21–22, I find that these claims are also insufficiently pleaded. Defendants have stated that the filing of this lawsuit is "mere retaliation," a conclusory statement that I need not grant the "assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Even if I were to credit the allegation, defendants have not explained, despite having plaintiff's arguments before them, what cause of action they are pursuing based upon this allegation. Plaintiff notes that to the extent this claim could be construed as malicious prosecution, the "claim is procedurally improper based on long-standing precedent and clear public policy considerations." Pl.'s Mem. 6. The elements of malicious prosecution of a civil action under New York law include that the action was "begun with malice" and "without probable cause to believe it can succeed," and, most importantly, "that ends in failure or, in other words, terminates in favor of the [malicious prosecution] plaintiff." *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 283 n.13 (quoting *Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998)). Defendants have not pleaded that this action was "begun with malice" and "without probable cause to believe it can

3

succeed" and *cannot* plead that this still-pending action has terminated in their favor. Accordingly, I agree with the plaintiff that the counterclaims fail to state a claim for malicious prosecution.

Although I must construe pleadings "so as to do justice," Fed. R. Civ. P. 8(e), I need not strain to find claims where none are adequately pleaded. Accordingly, I dismiss the defendants' counterclaims.

2. *Plaintiff is Ordered to Show Cause Why Her Wage Notice Claims Should Not Be Dismissed*

To demonstrate standing for a claim based upon a statutory violation, a plaintiff must either allege that she suffered a tangible injury as a result of the violation or show that the harms addressed by the statute bear "a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Courts in this district have held that plaintiffs lack standing under *TransUnion* to claim violations of the NYLL wage notice and wage statement provisions where the plaintiff cannot demonstrate a tangible injury as a result of the defendant's violation of these provisions. *See, e.g.*, *Francisco v. N.Y. Tex Care, Inc.*, 19-CV-1649 (PKC) (ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022).

Plaintiff is directed to show cause why I should not dismiss the New York Labor Law § 195(3) claim contained in Paragraph 60 of the Amended Complaint by no later than January 27, 2023.

## CONCLUSION

In light of the above, plaintiff's motion to dismiss defendants' counterclaims is granted, and plaintiff is directed to show cause why I should not dismiss her NYLL § 195(3) claim for lack of standing by no later than January 27, 2023.

SO ORDERED.

                                                                         /s  
                                                    Allyne R. Ross  
                                                    United States District Judge

Dated: January 17, 2023  
        Brooklyn, New York